NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CEDRIC CRUTCHER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-00104-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC D. WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Petitioner Cedric Crutcher is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined in the United States Penitentiary ("USP-McCreary") in Pine Knot, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and has paid the District Court filing fee. The Petition is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] Upon review, the Court will direct the Respondent to file a Response to the Petition.

**I.**

Petitioner claims that he is entitled to – but the BOP has denied – credits toward his federal sentence for a thirteen (13)-month period of time which he spent in service of a State sentence, prior to the Federal District Court's imposition of its concurrent sentence. In the

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

allegations of his Petition and attached exhibits, Crutcher presents the following chronology of the events:

    12/11/2006    Crutcher is arrested. He is charged in *United States v. Crutcher*, in M.D. Tenn. No. 06-00224-01. He is allegedly in federal custody.

    4/3/2007    The federal judge grants Petitioner's Motion to transfer custody of him to the State of TN to finish a State sentence, and he is transferred to State custody for service of that sentence at the CCA-Nashville.

For the above time period, approximately four months was credited to the Petitioner as prior custody credits, and they are not at issue herein. However, the period of time from April 3, 2007, when he was in federal court, to April 7, 2008, when he next appeared in federal court, is at issue. Crutcher spent the entire time, slightly over a year, in State custody in service of a State sentence. Then:

    4/7/2008    The Petitioner appears in federal court and is sentenced to 72 months imprisonment in No. 06-00224-01. The Judgment of Conviction, provides that the sentence is to "run concurrent with the state sentence the defendant is presently serving." Exhibit [hereinafter "Ex."] C.

                   Crutcher finishes his State sentence and is transferred to USP-McCreary for service of the federal sentence.

Crutcher seems unsure when he finished the State sentence and was transferred to the federal prison for service of the federal sentence. He states that it was in April or May of 2008. Regardless of the exact date, after he entered the federal prison in the Spring of 2008, he apparently served one year of the federal sentence before raising issues about the BOP's computation of his sentence.

2

| | |
|---|---|
| 4/6/2009 | By letter, Cruther's attorney advises him to ask the BOP to retroactively designate the TN prison as his the location for entry to serve the federal sentence, which will give effect to the concurrency. Ex.A. |
| April/2009-August/2009 | Petitioner applies for and exhausts the BOP administrative process seeking credits toward his federal sentence for the time in State custody, from his April 3, 2007 transfer to State custody to his completion of that sentence in April/May of 2008, which he claims is 13 months. |

Petitioner Crutcher does not supply copies of the documents which he filed in the BOP administrative program, but the BOP responses all begin with similar recitations that his request was to have "your federal sentence to be computed to run concurrent with your state sentence." [Ex. E.] In the administrative responses, the BOP's position is that the April of 2007 to April/May of 2008 period in the State prison was not presentence custody and thus, he is not entitled to presentence credits; 18 U.S.C. § 3585(b) bars an award of these credits because that time was credited to another sentence; and his sentence has been computed consistent with BOP policy, set out in Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). In none of the BOP documents is consideration for a *nunc pro tunc* designation mentioned.

| | |
|---|---|
| 9/1/2009 | In response to a letter from Crutcher, with copies of some of the administrative documents, showing that the BOP was refusing to give him the April 2007 to April/May 2008 credits, the Presiding Judge in No. 06-00224 enters Order, restating his intent for the sentences to run concurrent and offering to re-appoint counsel to pursue the credits. Ex. A. |
| 12/5/2009 | Crutcher's attorney writes directly to the BOP designation personnel asking for the retroactive *nunc pro tunc* designation of the TN prison for beginning service of the first year of Crutcher's federal sentence. Ex. B. |

3

3/5/2010   In another Order in 06-00224, in response to a letter from Petitioner and a Report from his attorney, the presiding Judge suggests that Crutcher follow his attorney's advice. "This court can do nothing further for the defendant." Ex. D.

One month after this last order of the trial court, on April 14, 2010, the Petitioner instituted the instant habeas proceeding. He contends that he is entitled to the thirteen months of concurrent credits, *i.e.*, the time serving the State sentence, from April 2007 to April/May 2008; also, credits for his pre-trial confinement; and additionally, more good conduct time credits.

## II.

The trial court record fills in some other events in the above chronology, particularly letters to and from the presiding judge, as well as correspondence to and from Crutcher's attorney, in the Fall of 2009. In the criminal case, *United States v. Cedric E. Crutcher*, M.D. Tenn. Criminal No. 06-00224-01, on November 24, 2009, Crutcher's attorney filed a Report of his investigation into the matter. [R. 47.]

Counsel begins his Report with the chronology above, and updates his efforts on behalf of Crutcher. Counsel states that the United States Attorney's Office has refused to take a position on the matter, but the BOP has been steadfast in its contention that "it is indeed following the court's Order and has calculated Mr. Crutcher's sentence to be served concurrent with the state sentence." At the end of the Report, the attorney writes:

> In the event that undersigned counsel verifies that the BOP has in fact refused to credit 13 months of time served at CCA-Nashville to his federal sentence, counsel will advise Mr. Crutcher as to his available remedies, including requesting a nunc pro tunc designation by the BOP of CCA-Nashville as his entry location for service of his federal sentence and/or filing a petition pursuant to 28 U.S.C. §2241 in the appropriate jurisdiction.

[*Id.* at 3.] After filing this Report, counsel for Petitioner wrote the attached letter of December

15, 2009, directly to the BOP, with the *nunc pro tunc* request. The BOP designation official's response to counsel, via letter dated February 5, 2010, reads in its entirety as follows:

> This is in response to your request concerning your client, Cedric Crutcher's request to adjust his "nunc pro tunc" designation entry date.
>
> As stated in our previous correspondence dated October 15, 2009, Mr. Crutcher was informed the Designation and Sentence Computation Center has reviewed his sentence computation and found it to be accurate. In addition, he has been awarded 176 days of jail credit in accordance with federal statute and Bureau of Prisons' policy. . . .

[R. 49, attachment dated February 5, 2010.] This is the only BOP document mentioning a *nunc pro tunc* request for Crutcher. The second paragraph cannot be said to be responsive to that specific topic. Moreover, these words were delivered in the form of a letter, not an administrative response which would undergo scrutiny at every level of the BOP's rigorous four-level appeal process, concluding at the National Office.

In this case, although the Petitioner has not supplied his administrative documents, it is troubling that the BOP's responses do not specifically mention the *nunc pro tunc* phrase. Moreover, the administrative responses in this Petitioner's efforts do not mention any of the relevant authority for *nunc pro tunc* consideration – not the statute, 18 U.S.C. 3621; nor the *Barden*[2] case; nor the applicable Program Statement, 5160.05, governing such designations. This suggests to the Court that perhaps the BOP did not, indeed, provide Crutcher consideration for the designation of the State institution, the CCA-Nashville, as the entry location for service of his federal sentence.

In *Barden*, the Third Circuit noted that:

---

[2] *See Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990).

> ... the federal government has the statutory authority to make the nunc pro tunc designation Barden desires. On this record, Barden is entitled to a writ of habeas corpus to compel the Bureau to consider his case. We do not pass upon Barden's contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has in acting on his request. Instead, we hold only that the federal authorities have an obligation, on the peculiar facts before us, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement nunc pro tunc. . . .
> . . . Any further court review of the Bureau's action will be limited to abuse of discretion.

*Barden*, 921 F.2d at 478.

Here, the record clearly reflects the intent of another federal court to have the Petiitoner's state and federal sentences run concurrently. Given the similar circumstances here and mindful of the rationale in *Barden*, this Court will require a Response to see if the BOP has gone through the process of considering Petitioner Crutcher for a *nunc pro tunc* designation.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) The Respondent in this action is Warden Eric D. Wilson.

(2) The Clerk of the Court shall serve, by certified mail, a copy of the Petition and this Order upon Warden Eric D. Wilson, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3) Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his Answer or Response all relevant documentary evidence which bears upon the allegations contained in the Petition.

(4) Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6) For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as directed above, the document will be disregarded by the Court.

This the 21st day of June, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge